IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAPHA PRODUCTS GROUP, LLC,

        Plaintiff,

v.

        CIVIL ACTION NO.
        1:10-cv-3388-JEC

SKULLCANDY, INC.,

        Defendant.

## ORDER

This case is before the Court on defendant's Motion for Summary Judgment [39], defendant's Motion to Strike [55], and plaintiff's Motion for Leave to File a Revised Declaration [56]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion for Summary Judgment [39] should be **DENIED**, defendant's Motion to Strike [55] should be **DENIED as moot**, and plaintiff's Motion for Leave to File a Revised Declaration [56] should be **GRANTED**.

## BACKGROUND

This is a patent infringement case. Plaintiff is the owner of U.S. Patent No. D555,636 (the "636 patent"), which encompasses the ornamental design for a tubular speaker as depicted in the six

figures that are attached to the patent application.  (Compl. [1] at Ex. A.)  The patent was issued on November 20, 2007.  (*Id.*)

Defendant manufactures and sells two products, the Skullcandy Pipe and Super Pipe speakers, that allegedly infringe the 636 patent.  (*Id.* at ¶ 10.)  Plaintiff sent defendant a cease and desist letter concerning the Pipe and Super Pipe products in October, 2010.  (Barlow Decl. [39] at Ex. D.)  When defendant continued to make and sell the accused products, plaintiff filed this lawsuit.  (Compl. [1] at ¶ 12.)  In its complaint, plaintiff asserts one claim for patent infringement.  (*Id.* at 4.)

Defendant has filed a motion for summary judgment of non-infringement and a related motion to strike the declaration of Tommy Disco.  (Def.'s Mot. for Summ. J. [39] and Mot. to Strike [55].)  Plaintiff submitted the Disco declaration in support of its summary judgment response.  (Disco Decl. [47].)  Plaintiff acknowledges that the declaration is technically defective under 28 U.S.C. § 1746, and has filed a motion for leave to submit a revised declaration that corrects the deficiency.  (Pl.'s Resp. to Mot. to Strike [57] at 2 and Mot. for Leave [56].)

## DISCUSSION

### I.  Motion To Strike

In its motion to strike, defendant notes that the Disco declaration does not state that it was made under penalty of perjury,

2

as required by § 1746. (Def.'s Mot. to Strike [55] at 3.) Plaintiff concedes that, due to an inadvertent error, the Disco declaration fails to indicate that it was made under penalty of perjury. (Pl.'s Resp. to Mot. to Strike [57] at 2.) Plaintiff seeks leave to submit a revised declaration that includes the required language but is otherwise identical to Disco's original statement. (Pl's Mot. for Leave [56].)

The revised Disco declaration complies with § 1746. (*Id.* at Ex. A.) Permitting plaintiff to submit the declaration will not result in any prejudice to defendant, and will assist the Court in resolving the infringement issue. Accordingly, the Court **GRANTS** plaintiff's motion for leave to file a revised declaration [56] and **DENIES as moot** defendant's motion to strike [55]. The Court will consider the revised Disco declaration in ruling on the pending motion for summary judgment.

**II. Motion For Summary Judgment**

**A. Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling

substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id*. at 322-23 (quoting FED. R. CIV. P. 56(c).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non[-]moving party's case." *Id*. at 325. After the movant has carried his burden, the non-moving party is then required to "go

4

beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id*. at 324.  While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247-48 (1986).

### B. Design Patent Infringement Principles

Plaintiff's 636 patent is a design patent, issued pursuant to 35 U.S.C. § 171.  (Compl. [1] at Ex. A.)  Section 171 provides patent protection for "any new, original and ornamental design for an article of manufacture."  35 U.S.C. § 171.  A properly issued design patent is presumed to be valid.  35 U.S.C. § 282.  Infringement occurs when an accused design "applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale."  35 U.S.C. § 289.

Courts traditionally have employed a two-step approach to determine whether an accused design infringes a patent under § 289. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).[1]

---

[1] The Federal Circuit has exclusive jurisdiction over patent appeals, and its patent decisions are binding on this Court.  *Braun*

First, the patent claim is construed to determine its scope and meaning. *Id.* Second, the properly construed claim is compared to the accused design for overall similarity. *Id.* A finding of infringement is justified if the comparison reveals that the designs are "substantially the same." *Id.*

The Federal Circuit significantly altered and expanded upon both steps of the infringement analysis in *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 677-80 (Fed. Cir. 2008). With regard to claim construction, the Circuit Court discouraged the use of detailed verbal descriptions of the design. *Id.* at 679-80. Noting that design patents typically are claimed as shown in the drawings that accompany the patent application, the Court indicated that a design claim is best construed by a simple reference to those drawings. *Id.* Thus, the general rule that now governs design claim construction is that "the illustration in the drawing . . . is its own best description." *Crocs, Inc. v. Int'l Trade Comm'n,* 598 F.3d 1294, 1303 (Fed. Cir. 2010)(cautioning district courts against excessive reliance on detailed verbal descriptions in design infringement cases).

With respect to the comparison step of the analysis, the *Egyptian Goddess* Court held that the "ordinary observer" test is "the

---

*Inc. v. Dynamics Corp. of Am.,* 975 F.2d 815, 819 (Fed. Cir. 1992).

6

sole test for determining whether a design patent has been infringed." *Egyptian Goddess,* 543 F.3d at 678. In so holding, the Court jettisoned the separate "points of novelty" test, which required a plaintiff to prove that an accused design appropriates innovative features of a patented design that distinguish it from the prior art. *Id.* The proper inquiry under the "ordinary observer" test is whether an ordinary observer, familiar with the prior art, would be deceived into believing that the accused design is substantially the same as the patented design. *Id.* at 670, 681 (citing *Gorham Mfg. Co. v. White,* 81 U.S. 511, 528 (1871)). The focus is on the overall visual effect of the design, rather than on isolated ornamental features or novelty per se. *Crocs,* 598 F.3d at 1303.

In spite of its rejection of the "points of novelty" test, the *Egyptian Goddess* Court emphasized the continued relevance of prior art to the infringement inquiry. *Egyptian Goddess,* 543 F.3d at 678. Applying the ordinary observer test, the Court explained that in some cases the patented and the accused designs will be so distinct that it is "clear without more" that there is no infringement. *Id.* But the Court recognized that prior art can provide a valuable frame of reference in less obvious cases, highlighting differences between the patented and the accused designs that might not be noticeable in the abstract. *Id.* and *Crocs,* 598 F.3d at 1303. Thus, the Court required

7

a second level of comparison that accounts for the prior art in cases where the patented and the accused designs are not "plainly dissimilar." *Egyptian Goddess*, 543 F.3d at 678.

Under the *Egyptian Goddess* framework, the ultimate question of patent infringement is an issue of fact that a patentee must prove by a preponderance of the evidence. *Id.* at 678-79. *See also OddzOn Prod., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1405 (Fed. Cir. 1997). Nevertheless, summary judgment is appropriate if the patented and the accused designs are "plainly dissimilar." *Egyptian Goddess*, 543 F.3d at 678. Summary judgment is likewise warranted if, in light of the prior art, a jury could not reasonably conclude that the patented and the accused designs are "substantially the same." *Id. See also Minka Lighting, Inc. v. Maxim Lighting Int'l, Inc.,* Civil Action No. 3:06-CV-995-K, 2009 WL 691594, at *9 (N.D. Tex. Mar. 16, 2009)(granting summary judgment after comparing the patented design, the accused design, and the prior art).

### C. Application

Per the guidance of the Federal Circuit in *Egyptian Goddess*, the Court construes plaintiff's patent claim as the tubular speaker design depicted in the six figures that are attached to the 636 patent application. (Compl. [1] at Ex. A.) To determine whether there is infringement, the Court compares those figures to the illustrations and pictures of the Pipe and Super Pipe products that

8

are attached to the pleadings and to the prior art submitted by defendant. (Def.'s Statement of Material Facts ("Def.'s SMF") and Barlow Decl. [39] at ¶¶ 10-29 and Exs. P-U and Pl.'s Resp. Br. [47] at 6-19.) Based on those comparisons, the Court concludes that defendant's motion for summary [39] should be **DENIED**.

> 1. The patented and the accused designs are not plainly dissimilar.

A side-by-side comparison of the patented and the accused designs demonstrates sufficient similarity to support a claim for infringement. The illustrations submitted by plaintiff show that both designs consist of a sleek, cylindrical speaker with substantially the same dimensions and length to width ratios. (Pl.'s Resp. Br. [47] at 6.) The "power" switches and "line in" holes are placed in virtually the same place in each of the designs. (*Id.*) In addition, there is a shallow rectangular cavity along the top horizontal edge of both designs with a docking interface located in the middle of the cavity. (*Id.* at 8.) These features are combined in both designs in such a way as to create a similar overall appearance and visual effect. *See Egyptian Goddess,* 543 F.3d at 681 and *Crocs,* 598 F.3d at 1303.

In support of its motion for summary judgment, defendant points out three features of the 636 patent design that do not appear in the Pipe or the Super Pipe: (1) protruding control buttons on the face

of the device, (2) a pedestal stand, and (3) transparent end caps.[2] (Defs.' Br. [39] at 3, 14.)  Plaintiff acknowledges the differences, but suggests that the Court should disregard the distinct features because they were well known in the prior art. (Pl.'s Resp. Br. [47] at 1.)  According to plaintiff, the differences cited by defendant are entitled to "no weight" in the infringement analysis because of their prevalence in the prior art.  (*Id.*)

Under the *Egyptian Goddess* framework, it would be error for the Court to disregard the differences identified by defendant simply because they appear in the prior art.  Plaintiff's argument relies on a "points of novelty" perspective that no longer governs the comparison analysis.  *Egyptian Goddess,* 543 F.3d at 678.  The *Egyptian Goddess* Court was clear that it is the overall appearance of the design that matters, regardless of whether certain features are "novel."  *Id.* at 678-81.  *See also Minka,* 2009 WL 691594, at *6 (aggregate differences that create a distinct visual impression between a patented and an accused design bar a finding of infringement, even if the differences appear in the prior art).

---

[2] There are questions of fact concerning two additional asserted differences:  the dimensions of the cavity contained in both designs and the type of connection mechanism that is within the cavity. (*See* Pl.'s Resp. to DSMF [47] at ¶¶ 18-21 and Disco Decl. [56] at ¶¶ 5-10.)

10

By the same token, it would be inappropriate to focus on the cited differences in isolation or to elevate their importance relative to the visual effect of the patented and the accused designs as a whole. *Egyptian Goddess,* 543 F.3d at 678-81. Minor differences between an accused and a patented design do not preclude a finding of infringement. *Crocs,* 598 F.3d at 1303. *See also OddzOn,* 122 F.3d at 1405 (the patented and the accused designs do not have to be identical to support an infringement claim). Moreover, it is improper to focus on specific differences between two designs to the extent that such focus "ignores the critical issue of whether the overall designs, as a whole, are substantially similar." *HR U.S. LLC v. Mizco Int'l, Inc.,* Civil Action No. CV-07-2394 (DGT)(JO), 2009 WL 890550, at *12 (E.D.N.Y. Mar. 31, 2009).

Applying the above principles and properly focusing on the designs as a whole, the Court finds that the 636 patent and the Pipe and Super Pipe products are not "plainly dissimilar." *Egyptian Goddess,* 543 F.3d at 678. The cited differences are relevant to the analysis, and a jury might ultimately find them to be determinative of the infringement issue. However, the differences do not render the patented and the accused designs "sufficiently distinct that it [is] clear without more" that there is no infringement. *Id.*

> 2. <u>Considering the prior art, the ultimate issue of infringement is a question of fact in this case</u>.

Neither does the prior art submitted by defendant conclusively resolve the infringement issue. As noted above, the hypothetical observer of *Egyptian Goddess* is presumed to be "familiar with the prior art." *Id.* at 677. The prior art provides context for comparing the patented and the accused designs and can highlight distinctions that initially appear to be insignificant. *Id.* Thus, the *Egyptian Goddess* framework requires a second level of analysis that is applicable in less obvious cases and that accounts for the prior art. *Id. See also Wing Shing Prod. (BVI) Co. Ltd. v. Sunbeam Prod., Inc.,* 665 F. Supp. 2d 357, 361-62 (S.D.N.Y. 2009)(describing the proper role of prior art under *Egyptian Goddess*) and *Arc'teryx Equip., Inc. v. Westcomb Outerwear, Inc.,* No. 2:07-CV-59 TS, 2008 WL 4838141, at *3 (D. Utah Nov. 4, 2008)(conducting a prior art comparison).

The accused infringer has the burden of producing prior art in support of an asserted non-infringement defense. *Egyptian Goddess,* 543 F. 3d at 678. Defendant has submitted five examples of prior art that purportedly bear on the infringement analysis in this case. (Def.'s Br. [39] at 22-23 and Barlow Decl. [39] at Exs. P-U.) All of the cited examples are cylindrical speaker designs. (*Id*.) According to defendant, the differences between the 636 design and the Pipe and

12

Super Pipe products are "even more significant" when viewed in light of the submitted prior art. (Def.'s Br. [39] at 21.)

Having compared the accused and the patented designs to the prior art proffered by defendant, the Court finds that the prior art is relevant but not determinative. As defendant suggests, the prior art shows that cylindrically shaped speakers were fairly common to the market prior to the issuance of the 636 patent. (Barlow Decl. [39] at Exs. P-U.) However, in every respect besides basic shape, the prior art differs from both the accused and the patented designs. (*Id*. and Def.'s Br. [39] at 22-23.) Moreover, it appears that the accused and the patented designs diverge from the prior art in similar ways, such that a reasonable jury might find that the prior art highlights similarities between the two designs as opposed to differences. (*Id*.)

In short, based on the Court's second level analysis, the prior art does not preclude a finding of infringement in this case. Even in light of the prior art, the differences between the 636 design and the Pipe and Super Pipe products are not so glaring as to dictate only one reasonable outcome. Rather, a reasonable jury "could (although it well might not) find that an ordinary observer familiar with the prior art would be likely to purchase [the accused] product thinking it was the [patented product]." *Cobra Fixations CIE Ltee-Cobra Anchors Co., Ltd. v. Newell Operating Co.,* No. 1:09CV436, 2011

13

WL 1399785, at *3 (M.D.N.C. Apr. 13, 2011).  Accordingly, summary judgment is not warranted.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion for Summary Judgment [39], **DENIES as moot** defendant's Motion to Strike [55], and **GRANTS** plaintiff's Motion for Leave to File a Revised Declaration [56].

SO ORDERED, this 13th day of AUGUST, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

14